## Wendlebone v. Parks *et al.*

1. **Usury:** TRANSFER OF OLD SECURITIES. When the maker of a usurious note, which was secured by deed of trust, borrowed money of a third party to pay the same, and, instead of executing new securities for the money so borrowed, caused the note paid to be transferred by the payee to the lender, as evidence and security for the new debt: *Held*, that the note was not tainted with usury in the hands of the second holder.

*Appeal from Scott District Court.*

TUESDAY, JUNE 13.

A PROCEEDING in equity, to have delivered up and canceled two notes and a deed of trust, given to Parks for the loan of money — one for $211.88, at one year, the other for $1,271.31, at two years. The debt originally was but for $800, borrowed money, drawing twenty-three per cent interest. The deed of trust given to secure this money was made to Newcomb, the agent of Parks. The plaintiff alleges that a number of payments were made thereon, from November 6, 1859, to February 6, 1863, leaving due

on the amount loaned, with six per cent interest, $250, which was tendered and brought into court for defendants; that the note of $1,271.31, and deed of trust, had been transferred by Parks to defendant Veile, and that Newcomb holds the same as Veile's agent. The petition asks for relief against the usury and the cancellation of the note.

The defendants, Newcomb and Veile, besides denying the plaintiff's charges, answer specially to the following effect: That the defendant Veile did not purchase the $1,271.31 note from Parks, but that, at the plaintiff's request, the said Veile, by his agent, Newcomb, had made a new loan of about $1,200 to plaintiff, to enable him to pay his debt to Parks, and that, instead of executing new securities to Veile as the evidence of said loan, the old papers or securities, as existing between Parks and plaintiff, upon Newcomb's suggestion were procured to be transferred to Viele as security for repayment of the money which he had advanced to plaintiff as a loan, to pay the debt from him to Parks, and therefore is not affected by any usury in the transaction between plaintiff and Parks.

A demurrer to this defense was sustained, and defendants appeal.

*Putnam & Rogers* for the appellants.

*Lane* for the appellee.

LOWE, J. — The points made by the demurrer demanding notice are, that the transaction between the parties was in effect a purchase and sale of the note from Parks to Veile, that the latter knew it was usurious, and that the facts as pleaded show an attempt to evade the usury law.

The facts as stated will not allow this construction. If they were merely colorable to cover a usurious transaction, that may be shown. But we must accept them as pleaded. The averment is, that there was no negotiation whatever

with Parks for the sale and transfer of the note to Veile; the contract was made with Wendlebone himself, who, being pressed by Parks for the money on the note, applied to Veile through Newcomb, his agent, for a loan of money to pay the debt. This contract was made, not with Parks or at his instance, but with the plaintiff and at his request, for his benefit and to enable him to pay a debt due Parks. It is not pretended that this contract was tainted with usury.

The money being advanced under this contract, the debt was paid, and the note and mortgage delivered up by Parks; the plaintiff, instead of taking them up and executing new secureties for the money he had borrowed, allows them to remain in the hands of Viele as the evidence and security of his new indebtedness to him. This is no usurious transaction. *Purser* v. *Anderson et al.*, 4 Ed. Ch., 17.

The foundation of plaintiff's present indebtedness is the *loan* under his contract with Veile. The note and mortgage are only the security, and inasmuch as they were obtained by Veile from the plaintiff himself in contemplation of a loan, and not from Parks, equity will regard them in the same light as new securities given directly to Veile, and it will not permit the defense of usury, with or without notice, to be set up by the party at whose procurement alone the paper is held as a security for an honest claim. *Doy* v. *Perkins et al.*, 2 Sandf. Ch., 359; *Kenry* v. *Talbot*, 4 Bibb., 39; *Kemp* v. *McPherson*, 7 Har. & J., 320; *French & Davis* v. *Rowe & Hyde*, 15 Iowa, 563.

The law does not prohibit a man from paying usury if he chooses; and if he should borrow money to pay a usurious debt, the lender, even with notice of the fact, cannot be affected by the usury in the original debt, for the reason that he stands in no relation to the usurer by privity of contract, assignment, or otherwise.

The demurrer in this case should have been overruled. The order sustaining the same is reversed and the cause remanded.

Reversed.